UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
RAYHAN MAHMUD, :
:
                          Plaintiff, :
    -against- : **DECISION AND ORDER**
: 17-cv-4774 (DLI)(RML)
UNITED STATES OF AMERICA and :
US POSTAL SERVICE, :
                       Defendants. :
------------------------------------------------------------------- x

**DORA L. IRIZARRY, Chief United States District Judge:**

       Plaintiff Rayhan Mahmud ("Plaintiff") filed the instant action against Richard Thompson ("Thompson") and the United States Postal Service ("USPS") in the Supreme Court of the State of New York, Queens County, alleging damages for negligence as a result of a car accident. *See* Exhibit A to Notice of Removal, Verified Complaint ("Compl."), Dkt. Entry No. 1, at ¶¶ 12-25. Plaintiff claims that Thompson, in the course of his employment with the USPS, negligently operated a USPS postal truck that collided with Plaintiff's vehicle, causing Plaintiff severe injuries. *Id.* Plaintiff seeks monetary relief for those damages not recoverable through no-fault insurance. *Id.* at ¶ 25.

       On August 15, 2017, the United States of America ("United States") substituted itself as a Defendant for Thompson since, pursuant to 28 U.S.C. § 2679(d)(2), Plaintiff's claim against Thompson is a claim against the United States. *See* Exhibit B to Notice of Removal, Notice of Substitution ("Notice of Substitution"), Dkt. Entry No. 1, at 1-2. That same day, the government removed this action pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2). *See* Notice of Removal ("Notice of Removal"), Dkt. Entry No. 1, at ¶ 6.

       On September 28, 2017, Defendants moved to dismiss the Complaint for failure to state a claim. Defendants contend that the Complaint fails to state a claim under the Federal Tort Claims

Act ("FTCA"), 28 U.S.C. §§ 2401, 2671-80 *et seq.* because the Court lacks subject matter jurisdiction over the instant matter: (1) under the Derivative Jurisdiction Doctrine, and (2) since Plaintiff failed to exhaust his administrative remedies prior to filing his suit in state court, as required under the FTCA. *See generally* Mem. of Law in Support of Defs.' Mot. to Dismiss ("Mem."), Dkt. Entry No. 5. Plaintiff did not respond to Defendants' motion and, at the government's request, the Court deemed Defendants' motion unopposed. For the reasons set forth below, Defendants' motion to dismiss is granted.

## BACKGROUND

On May 23, 2014, Thompson, in the course of his employment, allegedly operated a motor vehicle owned by the USPS at a fast rate of speed while traveling southbound on Second Avenue in Manhattan. Compl. at ¶¶ 4, 12, 17. Plaintiff, also an employee of the USPS,[1] was simultaneously operating a 2010 Ford motor vehicle owned by the USPS southbound on Second Avenue. *Id.* at ¶¶ 14, 17. While Plaintiff was stopped at a red light at the intersection of Second Avenue and East 42nd Street, Thompson allegedly rear-ended Plaintiff's vehicle. *Id.* at ¶¶ 17-18. According to Plaintiff, Defendants are liable for the collision through their negligent operation and maintenance of the USPS vehicle Thompson operated. *Id.* at ¶¶ 19-20. As a result of the collision, Plaintiff suffered severe injuries and accrued expenses, including medical expenses and lost future wages. *Id.* at ¶¶ 21-22.

---

[1] Plaintiff alleges that he was "an Employee and operator of the . . . 2010 FORD [*sic*] motor vehicle, bearing New York license plate number 7M12A, with the knowledge, permission and consent of the US Postal Service." *Id.* at ¶ 14. Taking these allegations as true for the purposes of this motion, and since Plaintiff incurred his injuries in his capacity as a USPS employee, his claim would be brought appropriately under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 1101 *et seq.*, 8101 *et seq. Mathirampuzha v. Potter*, 548 F.3d 70, 80 (2d Cir. 2008) (citing *Votteler v. United States*, 904 F.2d 128, 130 (2d. Cir. 1990) ("When the tort victim is also a federal employee, however, work-related injuries are compensable only under FECA.")). Plaintiff does not allege a FECA claim, and such a claim would now be time barred. FECA requires that an individual file a claim for compensation within three years of the date on which the injury for which he or she seeks compensation occurred. *See* 5 U.S.C. 8122(a). Plaintiff has failed to allege that he ever filed a claim for such compensation in the more than three years that have since passed. *See* Comp. ¶ 16 (noting that the collision occurred on May 23, 2014).

Plaintiff commenced this action on May 22, 2017 by filing a Complaint in New York State Supreme Court, Queens County. *See* Notice of Removal at ¶ 1. On August 15, 2017, the government certified that Thompson was acting in the course of his federal employment at the time of the collision. *See* Notice of Substitution at 1-2. Pursuant to 28 U.S.C. § 2679(d)(2), the suit against Thompson is a suit against the United States, and the United States is substituted for Thompson by operation of law. *Id.* On the same day, Defendants removed the action to this Court, under federal question jurisdiction, on the basis that Plaintiff's claim falls under the FTCA. *See* Mem. at 2-3; Notice of Removal at ¶ 6 (citing 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2)).

On September 28, 2017, Defendants moved to dismiss the Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP") on two grounds: (1) Plaintiff did not exhaust his administrative remedies under the FTCA, and (2) the state court in which Plaintiff originally filed his action lacked subject matter jurisdiction over the suit, and, therefore, this Court similarly lacks subject matter jurisdiction. *See* Mem. at 1, 4, 8. Plaintiff did not oppose Defendants' motion, and the court granted Defendants' request to deem the motion unopposed.

## DISCUSSION

### I. Legal Standard

Subject matter jurisdiction is a threshold requirement in any suit. *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361-62 (2d Cir. 2000) (holding that a judgment rendered by a court lacking subject matter jurisdiction is subject to collateral attack as void). Rule 12(b)(1) requires that a court dismiss a suit if it lacks subject matter jurisdiction and thus "'lack[s] the statutory or constitutional power to adjudicate [the suit].'" *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). When responding to a defendant's 12(b)(1) motion, a plaintiff must establish the existence

3

of subject matter jurisdiction by a preponderance of the evidence. *Id.* (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).

Subject matter jurisdiction "'must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Greene v. Gerber Products Co.*, 262 F. Supp.3d 38, 51-52 (E.D.N.Y. 2017) (quoting *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)). In deciding a defendant's Rule 12(b)(1) motion, a court "'need not accept as true contested jurisdictional allegations[,] and may resolve disputed jurisdictional facts by reference to affidavits and other matters outside the pleadings.'" *Kitzen v. Hancock*, 2017 WL 4892173, at *2 (E.D.N.Y. Oct. 27, 2017) (quoting *Williams v. Runyon*, 1997 WL 77207, at *1 (S.D.N.Y. Feb. 17, 1999)).

## II. Analysis

### A. Derivative Jurisdiction Doctrine

Under the Derivative Jurisdiction Doctrine, "if the state court where an action was initially filed lacked subject matter jurisdiction over the action, a federal court acquires none upon removal. *Moreland v. Van Buren GMC*, 93 F. Supp.2d 346, 353 (E.D.N.Y. 1999) (citing *Minnesota v. United States*, 305 U.S. 382, 389 (1939)). This doctrine is based on the concept that, in the removal context, a district court's jurisdiction is derivative of a state court's jurisdiction. *Nordlicht v. N.Y. Tel. Co.*, 799 F.2d 859, 863 (2d Cir. 1986). The Derivative Jurisdiction Doctrine applies to cases removed under 28 U.S.C. § 1442(a)(1), which the government invokes here. *Moreland*, 93 F. Supp.2d at 354. As explained below, because Plaintiff failed to satisfy the FTCA's requirements prior to filing in state court, the state court lacked jurisdiction; consequently, this Court also lacks jurisdiction.

The FTCA, which applies to tort claims arising from the activities of federal employees, is the exclusive remedy for claims of negligence brought against employees of the United States. 28

4

U.S.C. § 2679(b)(1). Under the FTCA, the government waives sovereign immunity in certain cases, including claims for negligence against USPS employees acting in the course of their employment. *Dolan v. United States Postal Serv.*, 546 U.S. 481, 486-91 (2006). In a suit brought under the FTCA where the United States has waived immunity, the United States is liable to the same extent a private individual would be in the same circumstances. *Id.* Any waiver of sovereign immunity must be strictly construed. *Long Island Radio Co. v. N.L.R.B.*, 841 F.2d 474, 477 (2d Cir. 1988).

The United States' waiver of sovereign immunity under the FTCA includes a requirement that, before a lawsuit is filed, an administrative claim must first be filed with the appropriate federal agency within two years of the accrual of the cause of action. 28 U.S.C. § 2401(b). When a plaintiff fails to exhaust his or her administrative remedies prior to filing a suit under the FTCA, the United States does not waive its sovereign immunity. 28 U.S.C. § 2675(a).[2] If sovereign immunity is not waived, a court does not have subject matter jurisdiction over the FTCA claim. *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998) (emphasis omitted) (quoting 28 U.S.C. § 2675(a)) ("[T]he FTCA provides . . . that '[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . .'"); *Celestine*, 403 F.3d at 82-84 (extending this requirement to FTCA claims initially filed in state court).

Here, Plaintiff did not file an administrative claim. *See* Declaration of Kimberly A. Herbst ("Herbst Decl."), Dkt. Entry No. 6, at ¶¶ 4-6 (noting that Plaintiff had not filed an administrative

---

[2] The FTCA's administrative exhaustion requirement is jurisdictional and cannot be waived. *Gay v. Terrell*, 2013 WL 5437045, at *9-10 (E.D.N.Y. Sept. 27, 2013) (citing *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005)) ("A claim of failure to exhaust administrative remedies under the FTCA is thus properly raised under FRCP 12(b)(1)."); *See also Celestine*, 403 F.3d at 82 ("This requirement is jurisdictional and cannot be waived.").

claim with the USPS as of August 22, 2017). Therefore, the United States did not waive its sovereign immunity, and the state court in which Plaintiff filed his claim lacked subject matter jurisdiction. *Millares Guiraldes de Tineo*, 137 F.3d at 719-20 (affirming dismissal where no plaintiff failed to file an administrative claim).

As a result, under the Derivative Jurisdiction Doctrine, this Court also lacks subject matter jurisdiction. *Barnaby v. Quintos* is instructive in this regard. *See* 410 F. Supp.2d 142, 143 (S.D.N.Y. 2005). In *Barnaby*, a plaintiff failed to exhaust his administrative remedies prior to filing a suit in state court under the FTCA. *Id.* The district court dismissed the plaintiff's suit upon removal under the Derivative Jurisdiction Doctrine. *Id.* at 143, 147. Since the state court in which the plaintiff filed his suit lacked subject matter jurisdiction, the district court acquired no subject matter jurisdiction upon removal. *Id.*; *See also Lombardi v. United States Postal Serv.*, 2016 WL 1604492, at *2 (W.D.N.Y. April 22, 2016) ("[Since] Plaintiffs failed to present an administrative claim to Defendant Postal Service for their alleged damages[,] . . . the small-claims court lacked subject-matter jurisdiction over Plaintiffs' claims, and [the District] Court lacks derivative jurisdiction."). Similarly, here, because the state court in which Plaintiff originally filed his claim lacked subject matter jurisdiction, this Court did not obtain subject matter jurisdiction upon removal. Accordingly, Defendants' motion is granted and Plaintiff's claim is dismissed.

### B. Statute of Limitations

While the Court finds that it lacks subject matter jurisdiction, it briefly addresses the timeliness of Plaintiff's suit. *See* Mem. at 4, 7 (arguing claims are untimely). As mentioned above, filing an administrative claim is a jurisdictional prerequisite to bringing suit. *Gay*, 2013 WL 5437045, at *9-10 (citing *Celestine*, 403 F.3d at 82). However, an FTCA claimant's failure to file an administrative claim before bringing suit is curable if the plaintiff files his complaint within two years of the cause of action accruing. *Valdez v. United States*, 518 F.3d 173, 176-77 (2d Cir.

2008) ("The failure . . . to file an administrative claim before the initial complaint was filed in state court was excusable if that complaint was filed within two years after the cause of action accrued."). Courts have held that, if the suit was filed within the two-year accrual period but no administrative claim was been filed, it is "appropriate to dismiss the complaint after removal to the federal court," and grant plaintiff "sixty days from the date of dismissal to file an administrative claim and six months from the denial of [the] claim to recommence the lawsuit." *Id.* (citing 28 U.S.C. § 2679(d)(5)).

The untimeliness of Plaintiff's lawsuit precludes the Court from granting him the opportunity to file his administrative claim. Plaintiff's claim accrued on May 23, 2014, he filed this action on May 22, 2017, and, as of August 22, 2017, Plaintiff had not filed an administrative claim. *See* Notice of Removal at ¶¶ 1-3; *See* Herbst Decl. at ¶¶ 4-6. Accordingly, since Plaintiff failed to file an administrative claim within two years from the accrual of his cause of action, dismissal with leave to cure is not appropriate. *Valdez*, 518 F.3d at 176-77 (citing 28 U.S.C. § 2679(d)(5)).[3]

---

[3] While equitable tolling applies in some situations, this is not one of them. The prerequisites to filing suit under the FTCA, including exhaustion of administrative remedies, are jurisdictional, and therefore not subject to equitable tolling. *Mohamed v. FBI*, 2015 WL 6437369, at *6 (S.D.N.Y. Oct. 21, 2015) (citing *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015) (holding that the Supreme Court had "not disturbed the well-established principle" that the FTCA's administrative exhaustion requirement is jurisdictional in nature); *Celestine*, 403 F.3d at 82).

## **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss the Complaint for lack of subject matter jurisdiction is granted, and the Complaint is dismissed with prejudice.

SO ORDERED

Dated: Brooklyn, New York
       June 7, 2018

/s/

DORA L. IRIZARRY
Chief Judge